UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | DOCKET NO. 1:08CR220-01 |
| | ) | (EGS) |
| TEMIKA G. GUSTUS, | ) | |
| | ) | |
| *Defendant.* | ) | |

**DEFENDANT'S MOTION TO MODIFY CONDITION OF PROBATION**

On December 3, 2008, following a plea of guilty to one count of making a False Statement to the Department of Housing and Urban Development in violation of 18 U.S.C. § 1021, this Court entered a criminal Judgment against Temika Gustus. The Judgment imposed a term of probation for three (3) years and one hundred eighty (180) days home detention with Electronic Monitoring. As additional probation terms, the Court imposed (among other things) a requirement that Ms. Gustus pay the costs of her supervised probation and Electronic Monitoring.[1]

Ms. Gustus was grateful the Court imposed a sentence of probation rather than any period of incarceration; however, she contends that the requirement that she pay the cost of her

---

[1] Other additional probation terms are that Ms. Gustus is prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the Probation Office; providing the Probation Office with income tax returns, authorization for release of credit information, and any other business or financial information in which she has a control or interest until all restitution is satisfied; submission to random drug testing at the direction of the Probation Office; serve 500 hours community service at the direction of the Probation Office during the period of probation; and the thirteen standard conditions of supervision.

supervision is too severe and, given her economic status, the requirement may cause her to afoul of her conditions of probation.

Ms. Gustus urges the Court to modify her probation waiving the condition that she pay the costs of her supervised probation. The grounds for the request are economic hardship and fairness in sentencing (in a case almost identical in fact, this Court sentenced a criminal defendant to probation but did not require that she pay the cost of her supervision).

The undersigned counsel spoke with the United States Probation office asking that it consider Ms. Gustus' request. United States Probation Officer Renee Donahoe stated that her office does not oppose waiver of the remaining costs of supervision, so long as Ms. Gustus pay the remaining costs of her electronic monitoring. The undersigned counsel also spoke with the Assistant United States Attorney David S. Johnson who stated that the United States would defer to the Probation Office's recommendation.

## I.    ARGUMENT

Pursuant to 18 U.S.C. § 3563, the court may modify, reduce, or enlarge the conditions of a sentence of probation at any time prior to the expiration or termination of the term of probation, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the conditions of probation. *See* Local Criminal Rule 32.1(b).[2]

---

[2]    Criminal Rule 32.1(b) of the United States District Court Local Rules provides in relevant part the following:
> "The Court shall impose such conditions of probation as are necessary to provide a benefit to the probationer and protection to the public and may modify or enlarge such conditions at any time prior to the expiration or termination of the sentence as deemed advisable."

At sentencing, the district court was entitled to place Ms. Gustus on probation "upon such terms and conditions as the court deem[ed] best" and it could condition probation on "a fine in one or several sums." 18 U.S.C. § 3651.  The authority arising from this statute is sufficient to embrace this sort of condition which, if Ms. Gustus was not found to be indigent, might be thought to bear a reasonable relationship to the treatment of the accused and the protection of the public.  *See United States v. Santarpio,* 560 F.2d 448, 455 (1st Cir. 1977) (internal citations omitted.)  However, the condition cannot be enforced so as to conflict with Ms. Gustus' sixth amendment rights; if Ms. Gustus is unable to pay the cost of supervision, revocation of probation for nonpayment would be deemed patently unconstitutional. *Id. citing Tate v. Short,* 401 U.S. 395, (1971); *Williams v. Illinois,* 399 U.S. 235 (1970).  (*Cf. Fuller v. Oregon,* 417 U.S. 40 (1974), the United States Supreme Court reasoned that a "recoupment" order is necessary only when a party is able to pay or where payment would not constitute manifest hardship.)

To date, Ms. Gustus has made her court ordered payments for supervision and electronic monitoring; however, she believes that in April 2009 and in months thereafter, she will fall short.  She has requested more hours of work from her part-time employment, to no avail.  She has sought better employment to increase her monthly income, to no avail.  Each month she has fallen further and further behind in meeting her obligations.

Her financial reports to the Probation show the following financial condition:

Savings Account        $585.00
Checking Account       $800.00

Unsecured Debts        $9,000.00

Monthly Cash Flow:

March          $900.00 (estimated to be received this month)
Mortgage       $2,108.00
Utilities      $400.00

HOA             $ 67.00
Food            $350.00
Car Insurance   $175.00
Lawyer Fees     $500.00
Life Insurance   $81.67


Supervision      $301.80
Elec. Monitoring $97.50

Thus far, Ms. Gustus used savings for pay for the costs of Supervision and Electronic Monitoring; however, Ms. Gustus asserts, given her income and monthly expenses, she will not be able to continue her payments for Supervision. She does not wish to violate the terms of her probation and for the foregoing reasons, urges the court to reconsider the condition of payment of Supervision only.

Ms. Gustus' case is similar to the related case of Sheila Jones.[3] In the *Jones* case, this court imposed a sentence identical to Ms. Gustus with the exception of the payment of supervision. Given the similarity of the two cases, Ms. Gustus urges the court to reconsider its imposition of payment of Supervision as a condition of probation.

It is clear from Ms. Gustus conduct upon entry of his plea, early acceptance of responsibility and her conduct while on probation (*e.g.,* compliance with all terms of probation to date), she has demonstrated exceptional contrition and is sufficiently deterred from ever again engaging in criminal conduct.

---

3   *United States of America v. Sheila Jones*, Docket No. 1:08cr221-01.

## II. **CONCLUSION**

WHEREFORE, the forgoing premises considered, Ms. Gustus respectfully requests modification of the terms of her probation by waiver of the condition to pay the cost of her supervision.

                               Respectfully submitted,

                               TEMIKA GUSTUS

                               */s/: Curtis A. Boykin*

                               By:_____
                               Douglas & Boykin PLLC
                               Frederick A. Douglas  (# 197897)
                               Curtis A. Boykin (# 444120)
                               1850 M Street, NW – Suite 640
                               Washington, DC  20036
                               (202) 776-0370, voice
                               (202) 776-0975, facsimile

Date:   March 17, 2009

### CERTIFICATE OF SERVICE

This is to certify that on this 17th day of March, 2009, a true copy of the foregoing Defendant's Motion to Modify Conditions of Probation was served via electronic mail upon: Timothy Lynch and David Johnson, Assistant United States Attorneys.

                               */ S /*

                               _____
                               Curtis A. Boykin